₀ In Equity.

ELIZABETH B. BLISS *vs.* SAMUEL W. JUNKINS et als.

York.    Opinion December 22, 1910.

*Nuisance.   Abatement.   Injunction.   Remedy at Law.*

1.  When what is claimed to be a nuisance already exists, the fact that it is
    a nuisance must be established by a suit at common law before a court of
    equity will interfere to abate, unless for some sufficient reason a remedy
    at law will not be adequate.

2.  When, as in this case, under a bill in equity praying that the defendants
    be enjoined from entering on, or attempting to take any of the plaintiff's
    land, and from erecting or maintaining on the land certain structures
    complained of, it appears that at the time the bill was brought the defend-
    ants had already entered upon the land, and a large part, if not all, of the
    offending structures had already been erected, and it further appears that
    the plaintiff had allowed the work to go on for many weeks without
    objection, that a temporary injunction was not asked for, and that, at all
    events, the work was all completed before a hearing on the bill, the bill
    will be dismissed, and the plaintiff remitted to a remedy at law.

In equity.   On report.   Bill dismissed.

Bill in equity praying for an injunction.   This case has already
been before the Law Court on demurrer, the demurrer was overruled,
the defendants excepted and the exceptions were overruled.   See
*Bliss* v. *Junkins*, 106 Maine, 128.

After the overruling of the demurrer and the exceptions thereto,
the case was heard on bill, answer and proof, and at the conclusion
of the evidence was reported to the Law Court for determination.

The case is stated in the opinion.

*Chauncey Hackett, and Arthur E. Sewall,* for plaintiff.

*William S. Matthews, Fred A. Hobbs, John C. Stewart,
Cleaves, Waterhouse & Emery, Frank D. Marshall, James O.
Bradbury, and Geo. F. & Leroy Haley,* for defendants.

SITTING: EMERY, C. J., SAVAGE, PEABODY, SPEAR, CORNISH, KING, JJ.

SAVAGE, J.　Bill in equity praying for an injunction.　The bill is dated October 7, 1907.　The plaintiff alleges in substance that in 1905 the county commissioners of York county laid out, so far as forms of procedure are concerned, a way across her land in the town of York, and over York river, on which her land borders; that for several reasons specified, the laying out of this way was irregular, illegal and void; that at the date of the bill a way was being constructed and a bridge over the river was being built upon the invalid location, by a contractor, in pursuance of an unauthorized and invalid contract with the town of York ; that the contractor "is about to come upon the plaintiff's land within the location, and to her great damage ; that she believes it is his intention to cover up her land and put earth, stone and wood thereon," in building an approach to the bridge, thereby "depriving her of the use of her land," and that the bridge and approaches will constitute a public nuisance, from which she will sustain special damage.

The prayer of the bill is that the defendants may be "enjoined from entering on, or attempting to take any of her land" under the judgment of the county commissioners laying out the way, "or from erecting or maintaining in the York river immediately adjacent to the complainant's land, or on the road lying along the northerly bank of said river, or upon the complainant's land adjacent to said road, the erections complained of," that is to say, the bridge and its approaches.

Of the eleven defendants, three are the county commissioners who laid out the way, four are a committee of citizens at one time appointed by the town "to act in conjunction with the selectmen in building the bridge," and who, after the selectmen had declined to act further, made a contract for the building of the bridge and approaches and supervised the work as it was being done; three are the selectmen, who did nothing whatever towards the building of the bridge and way, and the remaining one is the contractor who built them.

The case has already been before this court on demurrer to the bill, and upon the allegations in the bill, it was considered that the plaintiff had stated a cause remediable in equity. *Bliss* v. *Junkins*, 106 Maine, 128. Since then the case has been heard on bill, answer and proof, and it now comes before us on report.

The question arises at the outset whether, upon the proof, the plaintiff is now entitled to equitable relief by injunction, as prayed for. We think she is not.

The record does not disclose when the bill was filed or served on the defendants, nor when the answers and demurrers were filed. But the bill was dated October 7, 1907, and a hearing was had on the demurrers, February 19, 1908. The contractor began his work in the early summer of 1907, and the bridge and way were accepted by the committee as completed, January 29, 1908. A very considerable part of the bridge work had been done before the date of the bill, and although the plaintiff alleges in her bill that the contractor was "about to come upon her land" and do the things which would constitute a nuisance thereon, the weight of the evidence tends strongly to show that a large part, if not all, of the earth work or filling upon her land had been done before the bill was dated, or filed, or served. And it was all completed before any hearing was had. The plaintiff did not ask for a temporary injunction, and, of course, none was issued. The plaintiff, though knowing the situation, allowed the work to go on for weeks, and some of it for months, apparently without objection or protest. Large sums of money, evidently, were expended on the work during this period.

Moreover, the bill seeks to enjoin the defendants from erecting and maintaining the bridge and the approach to it which is on the plaintiff's land. They are already erected. As stated, they were in large part erected before the bill was brought. If the completed structure is a nuisance now, the uncompleted structure was a nuisance, perhaps in a lesser degree, then. The defendants are not maintaining the bridge and the approach. Neither the county commissioners nor the selectmen had anything to do with their erection. The committee and the contractor have now no personal interest in the

bridge and the approach. They have completed their work and left it. It is true that some of the work may have been done after the bill was served. But an injunction to be effective must be so shaped as to remedy the existing evil. Only a mandatory injunction compelling the committee and contractor to remove the offending erections and abate the nuisance would now be of any service to the plaintiff. That has not been prayed for.

We think, under the circumstances of this case, that the same rule should be applied here as is applied to bills brought to enjoin or abate existing nuisances. It is well settled that "when what is claimed to be a nuisance already exists, the fact that it is a nuisance must be established by a suit at common law before a court of equity will interfere to abate." *Tracy* v. *LeBlanc*, 89 Maine, 304 ; *Sterling* v. *Littlefield*, 97 Maine, 479. There are exceptions to the rule, as when there is an imperious necessity, or when irreparable injury is threatened unless relief in equity is afforded, or when for some other sufficient reason a remedy at law will not be adequate. But none of these conditions exist here.

We think the plaintiff must be remitted to her remedy at law, and that she should thus test her legal right, before she invokes so stern a process as a mandatory injunction. Whether these defendants or any of them, in any event, should be compelled under the circumstances of the case to remove the offending structures is not considered.

> *Bill dismissed without prejudice as to any remedy at law, and with one bill of costs for the defendants, county commissioners, and one bill of costs for the defendants, selectmen.*